IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELEMENT BIOSCIENCES, INC.   )
           )
    Plaintiff,    )
           )
  v.        ) C.A. No. 25-1175-JLH-EGT
           )
ILLUMINA, INC.,     )
           )
    Defendant.   )

**REPORT AND RECOMMENDATION**

At Wilmington, this 28th day of May 2026:

WHEREAS, on September 22, 2025, Plaintiff Element Biosciences, Inc. ("Plaintiff") initiated this patent-infringement action against Defendant Illumina, Inc. ("Defendant"), alleging that Defendant infringes various claims of U.S. Patent Nos. 8,612,161 ("the '161 Patent"), 9,605,301 ("the '301 Patent"), 9,909,174 ("the '174 Patent") and 11,001,887 ("the '887 Patent") (collectively, "the Asserted Patents") (*see generally* D.I. 1);

WHEREAS, on December 8, 2025 and in response to Defendant's motion to dismiss (D.I. 13, 14 & 15), Plaintiff filed an Amended Complaint, which added allegations relating to the patent eligibility of the '161 Patent under 35 U.S.C. § 101 (*see, e.g.*, D.I. 20 ¶¶ 102-39);

WHEREAS, on December 22, 2025, Defendant filed a renewed motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that all claims of the '161 Patent are directed to ineligible subject matter under § 101 (*see* D.I. 25, 26 & 27);

WHEREAS, across the four Asserted Patents, there are sixty-seven (67) total claims – thirty-eight (38) of which are in the '161 Patent, and Defendant requests that the Court find all thirty-eight claims of the '161 Patent to be directed to patent ineligible subject matter at the motion to dismiss stage (*see* D.I. 26 at 8-10);

WHEREAS, although Defendant asserts that there are three representative claim groups for the claims of the '161 Patent, the representativeness discussion is largely unhelpful because Defendant does not meaningfully engage with the additional limitations or explain how those limitations are substantially similar and linked to the same ineligible concept (*see* D.I. 26 at 8-10; *see also id.* at 10 ("All of the claims are thus substantially similar to their representative claims and recite variations of one or more of the three algorithms discussed."));

WHEREAS, Defendant's cursory approach to representativeness is especially problematic here given the varied use of algorithms across the challenged claims (*see XY, LLC v. Trans Ova Genetics, LC*, 968 F.3d 1323, 1330-33 (Fed. Cir. 2020) (reviewing cases where the use of specific mathematical formulae can have differing impacts on patent eligibility));

WHEREAS, Plaintiff asserts that Defendant must show for every allegedly representative claim that the claim is, in fact, representative (D.I. 30 at 8), but Plaintiff misunderstands the burden-shifting framework for representativeness (*see Mobile Acuity Ltd v. Blippar Ltd.*, 110 F.4th 1280, 1291 (Fed. Cir. 2024)), and Plaintiff does not attempt to meaningfully articulate why any claims have "distinctive significance" or are otherwise not representative (*Mobile Acuity*, 110 F.4th at 1290);

WHEREAS, Plaintiff wastes several pages of its responsive brief discussing Defendant's patents that are not asserted in this action (*see* D.I. 30 at 5-6, 16 & 20) and have no bearing on the eligibility of the '161 Patent (*see US Patent No. 7,679, 637 LLC v. Google LLC*, 164 F.4th 1373, 1379 (Fed. Cir. 2026));

WHEREAS, Defendant spends several pages discussing the Examiner's statements about patent eligibility under § 101 before *Alice*[1] was decided (D.I. 26 at 2, 15 n.5, 20), yet such

---

[1]    *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014).

2

statements do not control this Court's analysis of patent eligibility (*cf. Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350, 1359 (Fed. Cir. 2024));

WHEREAS, each party's decision to waste briefing on arguments that are irrelevant to the representativeness and patent eligibility issues has hindered the Court's ability to meaningfully consider the patent eligibility of the '161 Patent without expending significant resources;

WHEREAS, the parties have agreed to discuss claim narrowing by August 28, 2026 (D.I. 54 ¶ 7(c)) and, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to Defendants' § 101 motion will likely not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of all thirty-eight claims of the '161 Patent – even with purportedly representative groupings – at the motion to dismiss stage, particularly in light of the lackluster analysis presented by both sides and the fact that claim narrowing will ensue as this case progresses.

THEREFORE, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss be DENIED without prejudice to renew at summary judgment.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be limited to three (3) pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2). Any responses to the objections shall be limited to three (3) pages and filed within fourteen (14) days after the objections. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

3

The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

_____
UNITED STATES MAGISTRATE JUDGE